**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re

Adeline Jean Toussaint

                                                     CHAPTER   13
                                                    CASE NO.   14-24251-RAM

        Debtor(s)
_____/

**OBJECTION BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-1 TO CONFIRMATION OF CHAPTER 13 PLAN FILED BY THE DEBTOR(S)**

      DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-1("Creditor"), by the undersigned attorneys, objects to confirmation of the Plan ("Plan") as proposed by the Debtor(s) and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provision(s) to which this Objection is directed.  In support of this Objection, the  states as follows:

      1.      For value received, the Debtor(s) executed and delivered a Note and Mortgage ("Loan Documents")  as evidence of indebtedness to Creditor.  Said indebtedness is secured by property more particularly described in the Mortgage as: REAL PROPERTY LOCATED: 14845 GARDEN DR MIAMI, FL 33168, LEGALLY DESCRIBED AS: LOT 38, BLOCK 11-A, BISCAYNE GARDENS SECTION "E", ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, AT PAGE 89, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA  ("Collateral"). Reasons for objection:

**Failure to Provide for Full Payment of Prepetition Arrearages**

      2.      The Creditor will be filing a Claim which sets forth prepetition arrearages in the approximate amount of $126,807.44, which are due and owing in regards to the loan.

      3.      The Plan fails to provide for payment of the full amount of these prepetition arrearages through the Plan.

      4.      The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361. In addition, Creditor does not agree to such treatment through the Plan.

**Failure to Provide for Correct Monthly Payment**

      5.      The Creditor will be filing a claim which sets forth the monthly payment at the time the bankruptcy petition was filed to be in the amount of $1,412.39 and to be in the amount of $2,241.80 beginning with the 09/01/2014 postpetition payment with regards to the loan account.

      6.      The Plan fails to provide for payment of the full amount through the Plan.

      7.      The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C §361.  In addition, Creditor does not agree to such treatment through the Plan.

**Lack of Adequate Protection**

8.     The Debtor is proposing to modify the mortgage in question through this Court's Loss Mitigation Mediation Program. The Debtor should be required to pay Creditor a good faith adequate protection payment each month while the Loss Mitigation Mediation process is pending and said payment shall be no less than 31% of the Debtor's gross monthly income. The Chapter 13 Plan in this case does not propose sufficient adequate protection payments to Creditor considering the Chapter 13 Plan proposes to pay Creditor a payment of $300.00 for months 1 - 5 and a payment of $800.00 for months 6 - 60 of the Plan. According to Schedule I, the Debtor's gross monthly income is $2,752.16 and 31% of that amount equals $853.17. The Debtor should be required to file an Amended Plan which proposes to pay an adequate protection payment each month equaling 31% of Debtor's gross monthly income or alternatively, the contractual monthly payment. *See, In re Jiane M Bahlawan, Case No. 13-27651-RBR, Doc. No. 44, SD Fla. 2014*.

**Lack of Adequate Protection**

9.     Additionally, Creditor objects to the decreased payments in months 1 - 5. Debtor is required to pay the 31% adequate protection payment beginning in month 1. In re Angela Roxana Garcia, Case No. 13-26632-RAM, Doc. No. 41, SD Fla. 2014.

10.     Creditor will withdraw this Objection in the event that the Plan is amended to conform to the Creditor's proof of claim or otherwise satisfactorily address the issue(s) raised in this Objection.

WHEREFORE, prays for the entry of an appropriate order denying confirmation with respect to the Plan as proposed and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provisions to which this Objection is directed.

**Certification as to Admission to the Southern District Bar**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

I hereby certify that if the above is a matter requiring a hearing rather than negative notice, I have attempted to resolve the disputes involved with opposing parties prior to requesting any hearing on the above Motion.

/s/ Brad W. Hissing  
Brad W. Hissing  
Kass Shuler, P.A.  
P.O. Box 800  
Tampa, FL 33601  
Phone: (813) 229-0900 Ext. 1347  
Fax:    (813) 229-3323  
bhissing@kasslaw.com  
Florida Bar No. 854794

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on November 20, 2014, by U.S. Mail and/or electronic mail via CM/ECF to: Adeline Jean Toussaint, 14845 Garden Drive, Miami, FL 33168; Louis Toussaint at his/her place of abode, 14845 Garden Drive, Miami, FL 33168; Lynda C. AmadiPOB 694066, Miami, FL 33269; Nancy N. Neidich, Trustee, P.O. Box 279806, Miramar, FL 33027-9806.

/s/ Brad W. Hissing
Brad W. Hissing (x1347)

1338585B/mlh